State, ex rel. Spillman, v. Atlas Bank.

---

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL V. ATLAS BANK OF NELIGH:
THOMAS C. SEXTON, CLAIMANT, APPELLANT: EMIL FOLDA, RECEIVER, APPELLEE.

FILED JUNE 8, 1926. No. 24368.

Case ruled by and judgment reversed on the authority of *State v. American Exchange Bank, ante,* p. 626.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Reversed, with directions.*

*Abbott, Rohn & Dunlap,* for appellant.

*Fred S. Berry, Lyle E. Jackson, Charles H. Kelsey* and *C. M. Skiles, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

REDICK, District Judge.

On November 21, 1923, the Atlas Bank of Neligh was taken over by the state banking department as insolvent, and intervener, Thomas C. Sexton, filed with the receiver claims on three certificates of deposit for allowance against the bank guaranty fund. Two of the certificates were so allowed, but the third one was allowed as a general claim but refused as a charge against the fund. Upon appeal to the district court the same disposition of claims was made, and intervener appeals to this court from the disallowance of one of the certificates against the fund. The facts with reference to this certificate may be summarized as follows: August 12, 1916, appellant deposited with the bank $8,000 in money and received a certificate of deposit therefor bearing 5 per cent. interest, due in one year. This was renewed each year until August 13, 1920, when the renewal was for six months, and on March 13, 1921, another renewal for six months. All of these certificates bore 5 per cent. annual interest and no more was paid thereon. January 27, 1921, Sexton wrote the bank that if they wanted to keep his money longer he would require a bonus of 3 per cent. in addition to the 5 per cent. on the certificate. This letter evidently had reference to another certificate for $5,000 and nothing seems to have come of it. But with reference to the certificate under consideration, on October 8, 1921, he wrote the bank saying he would probably have to call in the money when due, and on October 12, in response to a letter from R. S. Payne, vice-president of the bank, Sexton wrote Payne saying he "would not be satisfied with any arrangement under which there could be a question of irregularity." However, on October 13, 1921, the bank, at Sexton's request,

sent him a cash payment of $2,000 and a renewal certificate for $6,000 payable on demand. Thereupon Payne sent Ferguson, cashier of the State Bank of Clearwater, to Fremont, to see Sexton, which resulted in an arrangement whereby Sexton was to receive certificates of deposit bearing 5 per cent. annual interest and Payne would pay Sexton a bonus equal to 3 per cent. by his personal check. In pursuance of that arrangement on November 17, 1921, the demand certificate was returned and the bank issued, under date of October 13, 1921, a six months' certificate bearing 5 per cent. interest and transmitted it to Sexton, together with the personal check of R. S. Payne upon the State Bank of Clearwater for $90. This certificate was renewed for six months April 13, 1922, the Atlas Bank paying with its check interest at 5 per cent. and inclosing the personal check of Payne for $90 as before. These were the only excess payments of interest made and covered the period from October 13, 1921, to October 13, 1922.

In August, 1922, one Ray Swanson was placed in charge of the bank as manager upon the demand of the banking department. October 12, 1922, the certificate for $6,000 was renewed for six months, and was renewed April 25, 1923, and in October, 1923, for six months' periods at 5 per cent. interest, no excess interest or bonus being contracted for or received, it being understood between Swanson and Sexton in January, 1923, that no extra interest from any source would be paid.

The arrangement, as claimed by Sexton, whereby he was to receive a bonus of 3 per cent. by the personal check of Payne is confirmed by the testimony of both Swanson and Payne; but in fact Payne had no account at the Clearwater bank which paid his checks and remitted them to the Atlas bank, where they were intercepted by Payne and, instead of being charged to his individual account, were charged to the interest account of the bank. Of these matters Sexton had no knowledge or information. He had received the personal checks of Payne and deposited them with his bank at Fremont and received credit in the or-

dinary course of business and assumed that they were being paid by Payne personally.

From the above statement it will appear that the facts on this appeal are substantially like those in the case of *State v. American Exchange Bank, ante*, p. 626. The claim originated in a deposit of cash in the bank and retained that character, even under the restricted view of claims against the guaranty fund, until October, 1922. Then for two years excess interest of 3 per cent. was paid, but after that, and upon the three following certificates, no excess was contracted for or paid, and in fact there was an express understanding that only 5 per cent. interest would be paid. Under these circumstances we think the case is ruled by *State v. American Exchange Bank, ante*, p. 626.

We therefore conclude that the district court erred in refusing to allow the certificate in question for $6,000 and interest against the bank guaranty fund; and the judgment is therefore reversed and remanded for the purpose of making such allowance.

REVERSED.